UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JENKS, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-02715-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. ECF No. 2.

**I.     In Forma Pauperis Application**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24      Plaintiff alleges two claims.  He alleges in his first claim that defendant correctional
25 officer Jenks used excessive force against him on September 10, 2024.  To state a claim of
26 excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that
27 a correctional officer used force against him maliciously and sadistically to cause harm, rather
28 than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7

(1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7. Construed liberally, and for the purposes of § 1915A, plaintiff has stated a potentially cognizable excessive force claim against Jenks.

In his second claim, plaintiff alleges that CDCR and defendant correctional officer Shraim failed to provide him with peanut-free meals despite his peanut allergy. Plaintiff's second claim must be dismissed because it is impermissibly joined to the first claim. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*.

### III.   Recommendation and Order

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. Plaintiff has stated a potentially cognizable excessive force claim against defendant Jenks. The court will direct service of the complaint on defendant Jenks upon resolution of the below recommendation.

4. The Clerk of Court randomly assign a district judge to this action.

It is RECOMMENDED that plaintiff's claim against CDCR and defendant Shraim concerning the meals he was provided at CSP-Sac be dismissed as improperly joined, without prejudice to it being raised in a separate lawsuit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE